**PACIFIC FAR EAST LINE, Inc.,**
Petitioner,

v.

**UNITED STATES of America, Federal Maritime Board, Maritime Administration, and Clarence G. Morse, Maritime Administrator, Respondents,**

**Matson Navigation Company, Intervenor.**

No. 14007.

United States Court of Appeals District of Columbia Circuit.

Argued April 14, 1958.

Decided May 1, 1958.

Petition for Rehearing Denied June 5, 1958.

Mr. Odell Kominers, Washington, D. C., with whom Mr. J. Alton Boyer, Washington, D. C., was on the brief, for petitioner. Mr. John C. Wren, Washington, D. C., also entered an appearance for petitioner.

Mr. Daniel M. Friedman, Atty., Dept. of Justice, for respondent, U. S. of A.

Mr. Edward Aptaker, Chief, Regulations Branch, Federal Maritime Bd., with whom Messrs. Robert E. Mitchell, Asst. Gen. Counsel, Federal Maritime Bd., and Edward Schmeltzer, Atty., Federal Maritime Bd., were on the brief, for respondents, Federal Maritime Bd., Maritime Administration, and Clarence G. Morse, Maritime Administrator.

Mr. Alvin J. Rockwell, San Francisco, Cal., with whom Mr. Willis R. Deming, San Francisco, Cal., was on the brief, for intervenor.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BASTIAN, Circuit Judges.

PER CURIAM.

This is a petition to review an order of the Federal Maritime Board (Board) and the Maritime Administrator (Administrator) entered under Section 805 (a) of the Merchant Marine Act of 1936, 46 U.S.C.A. § 1223, denying the application of Pacific Far East Line, Inc. (PFEL), filed in 1954 pursuant to the Act,[1] for its unsubsidized vessels to transport cargo in domestic trade between the West Coast of the United States and Hawaii. Extensive hearings on the application were held before an examiner. Matson Navigation Company (Matson), intervenor herein, a company presently carrying 98% of the cargo being shipped between the West Coast and Hawaii, opposed the application. The examiner recommended granting PFEL's application but the Board and the Administrator reversed and denied PFEL's application, holding that such service would be "unfair competition" to Matson. Petitioner thereupon sought review in this court.

PFEL claims, among other things, that this court has jurisdiction under the Judicial Review Act of 1950, 64 Stat. 1129, as amended, 5 U.S.C.A. §§ 1031-1042, to review the order denying the application. Section 2 of the Act provides in relevant part as follows:

"The court of appeals shall have exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of * * such final orders of the United States Maritime Commission or the Federal Maritime Board or the Maritime Administration entered under authority of the Shipping Act, 1916, as amended, and the Intercoastal Shipping Act, 1933, as amended, as are now subject to judicial review pursuant to the provisions of section [31, Shipping Act, 1916, as amended]."

Section 31 of the Shipping Act of 1916, as amended, 46 U.S.C.A. § 830, provides:

"The venue and procedure in the courts of the United States in suits brought to enforce, suspend, or set aside, in whole or in part, any order of the Federal Maritime Board shall, except as otherwise provided, be the same as in similar suits in regard to orders of the Interstate Commerce Commission, but such suits may also be maintained in any district court having jurisdiction of the parties."

PFEL contends that the Merchant Marine Act of 1936 is part of the Shipping Act of 1916, as amended, within the meaning of the Judicial Review Act of 1950, and that orders issued under the Merchant Marine Act were "entered under the authority of the Shipping Act, 1916, as amended." Therefore, petitioner believes this court has jurisdiction to review the order in this case. We reach a contrary conclusion.

Section 2 of the Judicial Review Act of 1950 on its face limits the jurisdiction of this court to review "such final orders of the * * * Federal Maritime Board or the Maritime Administration entered under authority of the Shipping Act, 1916, as amended, and the Intercoastal Shipping Act, 1933, as amended, as are now subject to judicial review pursuant to the provisions of section [31,

---

1. Under Section 805(a) it is unlawful, without the Board's written permission, to pay a subsidy to any contractor engaged in foreign commerce if such contractor is also engaged in domestic coastwise service. This section further provides that the Board "shall not grant any such application" which it finds "will result in unfair competition to any person, firm, or corporation operating exclusively in the coastwise or intercoastal service or that it would be prejudicial to the objects and policy of this Act."

Shipping Act, 1916, as amended]." No other statute is mentioned. PFEL appeals from an order entered under authority of the Merchant Marine Act, 1936. It seems clear, from a "plain meaning" reading thereof, that the Judicial Review Act of 1950 does not vest this court with jurisdiction to review this order, certainly not in the first instance. We do not find that this produces an unreasonable result, or one plainly at variance with the policy of the legislation as a whole, or that legislative history requires a different interpretation. Cf. United States v. American Trucking Ass'ns, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345.

PFEL has filed a companion suit in the District Court seeking review of the same order. We, of course, express no opinion as to the jurisdiction of that court.

The petition for review will be dismissed for lack of jurisdiction.

Dismissed.